IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

NATHANIEL CURTIS, Jr., )
)
)
Petitioner, )
)
v. ) CASE NO. 5:19-cv-242-MTT-CHW
)
WILLIAM MASSEE, )
)
)
Respondent. )

# ORDER

Petitioner Nathaniel Curtis, Jr., has filed a petition for writ of habeas corpus, challenging his confinement in the Baldwin County Jail pursuant to a June 2019 contempt order relating to child support proceedings. Docs. 1; 5. The Respondent filed an answer to the petition on February 11, 2020, contending, among other arguments, that the Petitioner failed to exhaust state remedies. Doc. 17. In addition to his petition, the Petitioner has filed three motions requesting preliminary habeas relief: two motions requesting "immediate release" or "release from incarceration" (Docs. 3, 8) and another motion asking the Court to set bond (Doc. 6).

Such preliminary relief is "extraordinary," and to obtain it, the Petitioner must demonstrate, among other things, "a substantial likelihood of success on the merits." *Llovera v. Fla.*, 576 F. App'x 894, 896 (11th Cir. 2014). To prevail on the merits in this action—and as a precondition to a merits-based review—the Petitioner must demonstrate that he has satisfied the "exhaustion doctrine," meaning that the Petitioner "must give the state courts an opportunity to act on his claims before he presents those

1

claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (citing 28 U.S.C. § 2254(b)).

Based on the information now available to the Court, it is not substantially likely that the Petitioner will be able to satisfy the exhaustion doctrine, which the Respondent has invoked. Doc. 17 at 1–2 ("Third Defense"). The Petitioner's recast petition suggests that he did not attempt to appeal or seek reconsideration of the state contempt order, and it is not clear that the Petitioner has ever sought to litigate the matter of his custodial confinement on direct appeal, in state habeas proceedings, or in other collateral proceedings. *See* Docs. 5 at 2; 17 at 4.

Accordingly, because the Petitioner has failed to show that he is entitled to the extraordinary remedy of preliminary habeas relief, his motions (Docs. 3; 6; 8) are **DENIED**.

**SO ORDERED**, this 28th day of February, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT